IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

FILED
JACKSONVILLE, FLORIDA
APR 11 2011
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANTHONY ZEIGER | ) | CASE NO. 3:11-bk-00116 |
| Debtor, | ) | |
| | ) | CHAPTER 7 |
| TONI M. SIMMONS | ) | |
| Plaintiff, | ) | ADV. PROC. NO. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY ZEIGER | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiff, Toni Simmons, pro se, for her Complaint against Defendant-Debtor Anthony Zeiger ("Defendant-Debtor"), states as follows:

1. This adversary proceeding arises from the Chapter 7 proceeding referenced above which is now pending before this Court.

2. This Court has jurisdiction pursuant to 28 USC § 1334 and 11 USC § 523 (a)(2).

3. Plaintiff Toni Simmons resides at 612 Plum Street, Elkhart, Indiana 46516.

4. Defendant-Debtor is currently a resident of Elkhart County.

5. Plaintiff filed an Amended Complaint against the Defendant-Debtor in May 2009, in the Elkhart Superior Court, No. 20D05-1001-CC-00022, alleging that Defendant entered into an agreement whereby Plaintiff loaned to Defendant $35,000 and Defendant has refused payment of the loan.

6. In addition, the Amended Complaint alleges that Defendant fraudulently transferred assets to avoid payment to Plaintiff.

7. Defendant has fraudulently transferred assets to AutoPort USA, Inc., and to his parents Nickolaus and Nancy Zeiger.

8. In addition, the $35,000 debt owed to Plaintiff is non-dischargeable to bankruptcy pursuant to 11 USC Sec 523(a)(2) since:

   a. The $35,000 loan was obtained through false pretenses, false representations and actual fraud.

   b. The loan was obtained by Defendant through a written document that was materially false respecting the Defendant's financial condition and on which the Plaintiff reasonably relied and which the Defendant made with the intent to deceive the Plaintiff. The document is attached as Exhibit A.

9. The $35,000 owed by Defendant to Plaintiff is non-dischargeable in bankruptcy under 11 USC § 523 (a)(2).

WHEREFORE, Plaintiff pray this Court to declare Plaintiff's claims against Defendant-Debtor non-dischargeable and for all other just and proper relief in the premises.

Respectfully submitted,

*Toni Simmons*
Toni Simmons, Plaintiff
612 Plum Street
Elkhart, IN 46516
(574)293-5675

# BUISNESS INVESTMENT AGREEMENT

March 20, 1999

      This agreement made by Anthony Zeiger and Helen Routson with the power and authority of all funds and profits given to Toni M. Simmons. Monies in the amount of thirty-five thousand dollars. Monies used to purchase vehicles and sell for profits under the buisness of Automotion Inc. at 1339 S.Main St. Elkhart IN. 46516. Profits will be paid in the amount of ~~six hundred and twenty~~ dollars per month. *$560.00* (With a thirty dollar late fee applicable.) To be paid in full upon request or in incruments of five-thousand dollars per month, cashiers check, until paid. This agreement is excluded from bankruptsy by Automotion Inc. and holds Anthony Zeiger personally responsible for repayment of this loan.

X *Anthony Zeiger*

X *Helen E. Routson*

X *Toni Simmons*